```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION

LAW OFFICES OF ROGER R. MUNN     *
JR., LLC,
                                 *
     Appellant,
                                 *
vs.                                    CASE NO. 4:23-cv-119 (CDL)
                                 *
Esther Elizabeth Collins,
                                 *
     Appellee.
                                 *
```

O R D E R

This bankruptcy appeal arises from the bankruptcy court's order denying Appellant Law Offices of Roger R. Munn Jr., LLC ("Munn")'s motion for new trial or for reconsideration.[1] The bankruptcy court had previously denied Munn's motion to object to the discharge of his claim and to object to the confirmation of Appellee Collins's Chapter 13 plan. Munn moved the bankruptcy court to reconsider that order or to vacate it in favor of a new trial, which the bankruptcy court denied. Munn now appeals this denial. For the reasons that follow, the Court affirms the bankruptcy court's order.[2]

---

[1] In the proceedings before the bankruptcy court, the Law Offices of Roger R. Munn Jr., LLC and Mr. Munn himself were referred to interchangeably without objection. For consistency, they will be treated as interchangeable in this order as well.
[2] Munn describes his previous motion as one for a "new trial." The Court will not quibble with his semantics and refers to the motion by the name Munn uses. The bottom line is that the bankruptcy court did not err in denying the relief Munn sought.

STANDARD

"District courts sit in an appellate capacity when reviewing bankruptcy court judgments; they accept the bankruptcy court's factual findings unless they are clearly erroneous and review legal conclusions *de novo*." *1944 Beach Blvd., LLC v. Live Oak Banking Co.* (*In re NRP Lease Holdings, LLC*), 50 F.4th 979, 982 (11th Cir. 2022). The Court is not authorized to "make independent factual findings." *Law Sols. of Chicago LLC v. Corbett*, 971 F.3d 1299, 1304 (11th Cir. 2020)

FACTUAL BACKGROUND

The factual background for this appeal is largely uncontested. Munn represented Collins in divorce proceedings against her ex-husband, alongside two other attorneys: a local counsel and a court-appointed attorney who was to represent the best interests of her children. Collins prevailed in her divorce and custody action and was awarded child support and attorney's fees from her ex-husband. Collins never collected any child support or attorney's fees from her husband; she felt unsafe doing so due to abuse that occurred during the marital relationship. The bankruptcy court found that Collins feared child support collection could notify her ex-husband of her address and compromise her and her children's safety.

After Collins failed to pay Munn for his representation in the divorce proceedings, Munn secured a judgment against her for

unpaid attorney's fees, plus interest. Munn eventually initiated a garnishment action against Collins of $797 a month to satisfy his claim. Shortly thereafter, Collins filed for protection under Chapter 13 of the bankruptcy code.

Official notice of the bankruptcy action was sent to the incorrect address for Munn on November 14, 2021. Collins subsequently amended Munn's address, and he received actual notice of the bankruptcy action on January 6, 2022. Munn filed his proof of claim the following day.

The bankruptcy court entered an order confirming Collins's plan on March 18, 2022. Munn challenged this confirmation, in part based on the insufficiency of the official notice he received. The bankruptcy court ultimately found that he did not receive notice as required by Federal Rule of Bankruptcy Procedure 2002 and that he was therefore not bound by the terms of that confirmed plan. Collins then filed a motion to modify her plan, which essentially resubmitted the same plan substantively but gave Munn appropriate notice and an opportunity to object to the confirmation, such that he would be bound by it if it were confirmed.

Munn filed an objection to the motion to modify confirmation which challenged the confirmation of the plan and the dischargeability of his claim. The bankruptcy court held a hearing on the motion, which Munn did not attend due to a

3

medical issue. The bankruptcy court denied Munn's motion to object to discharge and overruled his objections to the confirmation of the plan. Munn then filed a motion to reconsider or for new trial, which was denied. This appeal followed that denial.

## DISCUSSION

This appeal presents three primary issues: whether the bankruptcy court erred in determining that (1) Collins's bankruptcy plan was filed in good faith and that uncollected child support payments were not part of the bankruptcy estate; (2) Munn's claims based on 11 U.S.C. § 523 were procedurally barred; and (3) Munn's claim for attorney's fees owed by Collins is not a priority claim.[3] Munn also argues that he was denied due process because he could not attend the hearing on the motion to modify the confirmation.

**I.  Did the Bankruptcy Court Err in Finding that Collins's Bankruptcy Plan was Filed in Good Faith?**

Munn made numerous arguments that Collins declared bankruptcy in bad faith, all of which were rejected by the bankruptcy court. 11 U.S.C. § 1325(a)(3) requires that a bankruptcy plan be proposed in good faith. Munn asserts that Collins's plan was proposed in bad faith because she did not accurately disclose her full financial status. He claims she

---

[3] Munn listed ten enumerations of error in his brief, but they can be boiled down to these three primary issues.

4

should have advised the bankruptcy court of the child support judgment and arrearages that she could potentially collect from her ex-husband. Similarly, Munn argues she did not make good faith efforts to collect on the child support judgments prior to filing for bankruptcy. He also maintains that Collins's plan does not comply with 11 U.S.C. § 1325(a)(4) because her plan does not account for the child support judgment and arrearages she can collect. *See* 11 U.S.C. § 1325(a)(4) (requiring that "the value . . . of property to be distributed under the plan . . . is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7").

These objections all rely upon Munn's contention that Collins's child support judgment should be considered part of her bankruptcy estate. The bankruptcy court did not err in rejecting these arguments. Under the circumstances presented here, "child support" is not properly part of the bankruptcy estate. Georgia law provides that when money "is awarded for the support of minor children, the mother acquires no interest in the funds, and when they are paid to her she is a mere trustee charged with the duty of seeing that they are applied solely for the benefit of the children." *O'Neil v. Williams*, 205 S.E.2d 226, 229 (Ga. 1974) (quoting *Stewart v. Stewart*, 123 S.E.2d 547, 548 (Ga. 1962)); s*ee also Bracewell v. Kelley* (*In re*

5

*Bracewell*), 454 F.3d 1234, 1243 (11th Cir. 2006) ("[T]he question of whether a debtor's interest in property is property of the estate is a federal question, but the definition of property and issues about the nature and existence of the debtor's interest, are issues of state law.").[4] The Eleventh Circuit has determined that "property held by the debtor for the benefit of another[,]" like the child support here, is "not part of the bankruptcy estate." *T & B Scottsdale Contractors, Inc. v. United States*, 866 F.2d 1372, 1376 (11th Cir. 1989). Accordingly, Munn's arguments that Collins's failure to account for her child support in her bankruptcy plan evidences bad faith are unpersuasive. The bankruptcy court did not err in rejecting these objections to the plan.

Munn also asserts that Collins intentionally filed bankruptcy to evade his garnishment and intentionally listed the wrong address so that Munn would not receive notice of the action. He asserts that she never intended to pay his bill. But the bankruptcy court found that: (1) Munn rejected Collins's attempts to confer with him about a payment plan; (2) Collins could not afford her bills and regular expenses under the garnishment; and (3) she amended Munn's address to give him proper notice once the mistake was discovered. Considering

---

[4] Munn does not appear to contend that the bankruptcy court erred in determining that Georgia law governs the nature of Collins's property interest in the child support award, so this issue is not before the Court on appeal.

6

these facts, the bankruptcy court concluded that Collins intended to pay her debt and did not declare bankruptcy for the sole purpose of avoiding that debt. As these factual findings are not clearly erroneous, and support the bankruptcy court's conclusion, this Court finds that it was not error to determine that she did not declare bankruptcy in bad faith for the sole purpose of evading her debt to Munn.

Munn also argues that that the bankruptcy court's approval of Collins's plan conflicts with 11 U.S.C. § 1325(b)(1)(B). That provision prohibits approval of a plan, upon objection by an unsecured creditor, unless it "provides that all of the debtor's projected disposable income to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan." Munn asserts that because the plan does not account for the child support award, it does not account for all of Collins's projected disposable income. Munn's argument overlooks 11 U.S.C. § 1325(b)(2) which states that "[f]or purposes of this subsection, the term 'disposable income' means current monthly income received by the debtor . . . other than child support payments." As child support payments are expressly excluded, the bankruptcy court did not err in rejecting Munn's argument.

**II. Did the Bankruptcy Court Err in Finding that Munn's Claims Based on 11 U.S.C. § 523 were Procedurally Barred?**

Munn also contends that the bankruptcy court erred in rejecting the dischargeability of his claim based on the exceptions to discharge for fraud, false pretenses, or false statement in writing under 11 U.S.C. § 523. Preliminarily, the Court observes that a "proceeding to determine the dischargeability of a debt" under § 523 is an "adversary proceeding." Fed. R. Bankr. Proc. 7001(6). Furthermore, a "complaint to determine the dischargeability of a debt" under § 523, must be brought "no later than [sixty] days after the first date set for the meeting of creditors." Fed. R. Bankr. Proc. 4007(c).

Here, Munn had actual notice of this bankruptcy action on January 6, 2022. The meeting of creditors occurred on January 10, 2022. Accordingly, Munn's time to initiate an adversary proceeding under § 523 started running on that date. Because he did not file a complaint within sixty days of January 10, 2022, his non-dischargeability claim based on § 523 is time-barred, as correctly held by the bankruptcy court.

**III. Did the Bankruptcy Court Err in Finding that Munn's claim for Attorney's Fees is Not a Priority Claim?**

Munn also argues that the bankruptcy court erred in holding that his claim is not a priority claim. He contends that because his attorney's fees were incurred in a domestic support

8

matter and directly related to a domestic support order, his fees constitute a domestic support obligation, rendering his claim a priority claim.  *See* 11 U.S.C. § 507(a)(1)(A) (indicating that "domestic support obligations that . . . are owed to or recoverable by a spouse, former spouse, or child of the debtor" have priority).  Munn asserts that his fees are "recoverable by a spouse" because Collins can collect on her judgment of attorney's fees from her ex-husband.

Whether an obligation is a domestic support obligation depends upon "whether it is in the *nature* of support." *Harrell v. Sharp*, (*In re Harrell*), 754 F.2d 902, 906 (11th Cir. 1985). For example, a property settlement that does not necessitate investigation into a spouse's circumstances to determine the appropriate level of need would typically not constitute a domestic support order. *Id.* at 907.  Courts have held that where a debtor was ordered to pay the attorney's fees of his or her former spouse resulting from a custody or divorce action, these attorney's fees could constitute support if they are based on the other spouse's ability to pay. *Strickland v. Shannon* (*In re Strickland*), 90 F.3d 444, 447 (11th Cir. 1996).

Here, Collins's debt to Munn is not a domestic support obligation because it was not in the nature of domestic support. Collins owes a debt to Munn that arose out of a contractual attorney-client relationship in which she selected Munn to

9

represent her in a legal matter. Collins was not ordered to pay Munn's fee because her former spouse could not afford to do so in a domestic matter. Collins's debt to Munn, who was her own attorney, is not an obligation to a former spouse, child, or their respective attorneys. Therefore, Munn's claim is not a priority claim for a domestic support obligation, and the bankruptcy court did not err in holding accordingly.

**IV. Was Munn Denied Due Process?**

Lastly, Munn argues that he was denied due process when the bankruptcy court made its decisions without Munn's physical presence at the hearing. Munn claims this denied him the opportunity to cross-examine Collins. "[T]he Due Process Clause requires notice and the opportunity to be heard . . . at a meaningful time and in a meaningful manner . . . ." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). Here, Munn had the opportunity to brief the issues and the bankruptcy court carefully considered his arguments. His inability to attend the hearing on the motion to modify confirmation did not deny him notice and the opportunity to be heard.

CONCLUSION

For the foregoing reasons, the Court affirms the bankruptcy court's order denying Munn's motion for reconsideration or for new trial.

IT IS SO ORDERED, this 24th day of January, 2024.

S/Clay D. Land
---
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
